### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LEE MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-01041-PRW |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

### **ORDER**

Petitioner, Richard Lee Miller, proceeding pro se, brings this action under 28 U.S.C. § 2254, seeking habeas corpus relief from his state convictions and sentences. Respondent moved for dismissal of the petition claiming it is untimely (Dkts. 11 & 12). In her Report & Recommendation (Dkt. 15), United States Magistrate Judge Suzanne Mitchell agrees and recommends dismissal after finding that the habeas petition was filed over decade after the applicable statute of limitations had expired and that neither statutory nor equitable tolling applied. The Magistrate Judge advised Petitioner of his right to object to the Report and Recommendation (Dkt. 15) by March 9, 2022, and that failure to make a timely objection would waive any right to appellate review of the recommended ruling.

Although he failed to file objections by March 9th, Petitioner requested an extension the next day, on March 10, 2022. The Court granted his request, giving him until April 11, 2022, to file any objections. On April 7, 2022, Petitioner filed a "Supplement to Objection

1

to Report and Recommendation" (Dkt. 19),[1] wherein he admits his petition was not timely filed but disagrees that dismissal is warranted as result. He claims the Court should still consider his claims timely but does not explain why, beyond merely reiterating the same arguments for extending the applicable statute of limitations which had already been addressed by the Magistrate Judge's Report & Recommendation (Dkt. 15).

The Court must determine de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."[2] Boilerplate objections are generally deemed waived because they lack the requisite specificity.[3] After conducting this review, the Court "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[4]

Upon de novo review of the issues properly asserted by a specific objection, the Court finds itself in agreement with Judge Mitchell and concludes Petitioner's claims are

---

[1] Despite being labeled a "supplement," the Court construes this filing as Petitioner's objections to the Report and Recommendation (Dkt. 15) as no other documents were filed before the deadline.

[2] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

[3] *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

[4] Fed. R. Civ. P. 72(b)(3).

time-barred. The Court finds Judge Mitchell's analysis thorough and well-reasoned and accordingly adopts it for purposes of resolving the motions and objections before it.

Petitioner offers no reason to come to any other conclusion than that reached by the Magistrate Judge. Petitioner's objections consist primarily of boilerplate citations to background caselaw with scant application to the facts of this case nor identification of the alleged errors in the Magistrate Judge's reasoning. This failure to meaningfully address the Report & Recommendation (Dkt. 15) renders these purported objections difficult to evaluate. Instead of focusing the Court's attention on any specific issues addressed in Judge Mitchell's Report & Recommendation (Dkt. 15), Petitioner generally disagrees with the final recommendation,[5] summarizing arguments previously presented to the Magistrate Judge.[6] He otherwise does not present any evidence demonstrating that this case was in

---

[5] Most of Petitioner's other arguments are largely irrelevant and concern the merits of his claims, even though Judge Mitchell specifically declined to reach the merits after finding that the habeas petition was filed out of time and tolling did not apply.

[6] An objection that merely reargues the underlying motion is improper and often "insufficiently specific to preserve the issue for de novo review." *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *2121 E. 30th Street*, 73 F.3d at 1060). An objection is proper if it is timely and specific enough to enable the "district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' dispute." *2121 E. 30th St.,* 73 F.3d at (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted). Here, these conclusory objections, unsupported by fact or law are insufficient to focus the Court on the factual or legal issues in dispute and therefore are overruled. *See 2121 East 30th Street*, 73 F.3d at 1060.

fact timely filed or meriting the application of equitable tolling. Based on this record, the Magistrate Judge correctly concluded that this petition was not timely filed.

The Report and Recommendation (Dkt. 15) is therefore **ADOPTED** in its entirety.[7] Accordingly, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred by the Statute of Limitations (Dkt. 11) is **GRANTED**, the claims asserted in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Dkt. 1) are **DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1) as untimely filed, and Petitioner's Motion to Consolidate (Dkt. 9) and Motion for Appointment of Counsel (Dkt. 10) are **DENIED AS MOOT**. Because the petition is being dismissed, the Court also **DENIES AS MOOT** Petitioner's two motions titled "Motion Under Rule 60(b)(4)" (Dkt. 20) and "Motion for Summary Judgment" (Dkt. 21) that appear to seek discovery related to the merits of his now dismissed habeas petition.

---

[7] Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that of jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 22nd day of June 2022

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE